CENTURY COMMUNICATIONS
CORPORATION, et al.,
Petitioners,

v.

FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents,

Association of Independent Television
Stations, Inc., Spanish International
Communications Corp., Univision, Inc.,
the National Association of Broadcast-
ers, Lincoln Broadcasting Co., National
Cable Television Association, et al., Of-
fice of Communication of the United
Church of Christ, Corporation for Pub-
lic Broadcasting, National Association
of Public Television, Public Broadcast-
ing Service, National Broadcasting Co.,
Inc., Spanish International Communi-
cations Corp., Intervenors.

Richard S. LEGHORN, Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents,

Corporation for Public Broadcasting, et
al., Intervenors.

HUBBARD BROADCASTING,
INC., Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents,

Corporation for Public Broadcasting, et
al., Intervenors.

Nos. 86–1683, 87–1280 and 87–1301.

United States Court of Appeals,
District of Columbia Circuit.

On Motion For Clarification of Opinion
Issued Dec. 11, 1987.

Decided Jan. 29, 1988.

Before WALD, Chief Judge, and
MIKVA, Circuit Judge.

ORDER

Upon consideration of Respondent Feder-
al Communications Commission's motion
for clarification of the Court's opinion of
December 11, 1987, and of Petitioner Cen-
tury Communications Corporation's opposi-
tion thereto, the motion is granted.

The Court's opinion in *Century Commu-
nications Corp. v. Federal Communica-
tions Commission,* No. 86–1683, slip op.
(D.C.Cir. Dec. 11, 1987) is hereby clarified
as follows:

(1) The Court has invalidated the interim
"must carry" rules of the Federal Commu-
nications Commission that became effective
on June 10, 1987. Those rules required
cable systems to carry certain broadcast
signals. *See* 47 C.F.R. § 76.56 (mandatory
carriage of television stations); § 76.58
(disputes concerning carriage); § 76.60
(carriage of other television signals);
§ 76.62 (manner of carriage); *see also* 47
C.F.R. § 76.5 (as amended August 7, 1986
and/or March 26, 1987); § 76.53 (same);
§ 76.55 (same); § 76.64 (same).

(2) The Court has not struck down the
requirements concerning input selector
switches and consumer education due to
take effect February 29, 1988. *See, e.g.,*
§ 76.66 (input selector switches and con-
sumer education). Those separate require-
ments were not included in petitioners' first
amendment and statutory challenge to the
must-carry regulations, which impermissi-
bly infringed on the first amendment rights
of cable operators. Nor are the input se-
lector and consumer education require-
ments so inextricably bound up with the
must-carry requirements as to constitute
an inseparable package. Rather, they are
independent measures designed toward the
same end as the invalidated must-carry
rules: easing a transition to a world with-
out must-carry channels.

(3) Insofar as portions of the rules re-
garding consumer education and input se-

lector switches do make references to the now-invalidated must-carry provisions, we instruct the Commission on remand to make appropriate adjustments in light of the invalidation of the interim must-carry rules.